CHARLES B. MERCER vs. PASQUALE PANELLA.

First Judicial District, Hartford, March Term, 1924.

WHEELER, C. J., BEACH, CURTIS, KEELER and BANKS, Js.

In an action for injuries arising from a collision between automobiles, each party alleged and offered evidence to prove that the other's negligence was the cause of the collision. *Held* that under these circumstances it was competent for the jury to find either that the collision was due to an accident for which neither party was in fault, or that it was due to the negligence of each party; and therefore there was nothing inconsistent with a verdict for the defendant on the complaint and for the plaintiff upon the cross-complaint.

The situation in the present case reviewed and the last-clear-chance doctrine *held* inapplicable.

Argued March 4th—decided March 31st, 1924.

ACTION to recover damages for injuries to the person and automobile of the plaintiff, alleged to have been

caused by the defendant's negligence, brought to the Superior Court in Hartford County and tried to the jury before *Webb, J.;* verdict for the defendant on the complaint and for the plaintiff on the cross-complaint, which the trial court, upon the plaintiff's motion, set aside as against the evidence, from which the defendant appealed. *Error; judgment to be entered on the verdict.*

*Franz J. Carlson,* with whom, on the brief, was *Clarence W. Seymour,* for the appellant (defendant).

*J. Gilbert Calhoun,* with whom, on the brief, was *Edward W. Broder,* for the appellee (plaintiff).

Per Curiam.    The plaintiff drove his automobile westerly upon the north side of New Britain Avenue in Hartford until he came to the intersection of this Avenue with Julius Street, which ends at New Britain Avenue, when he turned southerly intending to proceed southerly upon the west side of Julius Street, his right-hand side. At this time the defendant was driving his truck easterly along the southerly side of New Britain Avenue, his right-hand side, and approaching the intersection of this street with Julius Street. The automobile and truck collided when at the intersection of these two streets and just south of the south rail of the eastbound car track, causing the damages for which each party claims to recover.

Whether the cause of the collision was due to the negligent conduct of the defendant as alleged in the complaint, or whether it was due to the negligent conduct of the plaintiff as alleged in the cross-complaint, were issues of fact as to the determination of which the jury might reasonably have found either way, since the evidence was conflicting and reasonable men might have differed in the conclusion to be drawn.

The evidence does not create a situation for the

application of the last-clear-chance doctrine, as the plaintiff claims.

Nor is the plaintiff's contention that the verdict is inconsistent maintainable. If the jury found neither party at fault by the collision due to an accident, or if they found both of the parties negligent as charged, the verdict was a proper one. We cannot hold, as matter of law, that such findings were contrary to the evidence.

There is error, the judgment is set aside and the Superior Court is directed to render judgment upon the verdict.